### SIEGEL v. KINSTLER.

(Supreme Court, Appellate Term, First Department.  June 18, 1913.)

1. NEW TRIAL (§ 72*)—WEIGHT OF EVIDENCE.

Where there was a direct conflict of testimony between plaintiff and his wife on one hand and defendant on the other, a new trial may properly be granted on the ground that verdict for plaintiff was against the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

weight of the evidence, where the only other witness who testified in plaintiff's favor admitted that he was not friendly towards defendant.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

2. NEW TRIAL (§ 72*)—WEIGHT OF EVIDENCE—EXCLUSION OF WITNESSES.

Where the court, in an action where there was a direct conflict of testimony between plaintiff and defendant, allowed plaintiff only one witness to support his contention, a verdict for plaintiff cannot be set aside on the ground that it was against the weight of the evidence, even though plaintiff's single witness admitted he was not friendly toward defendant; but, where plaintiff offered to call additional witnesses to testify merely upon a matter admitted by defendant, the verdict may nevertheless be properly set aside.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

Appeal from City Court of New York, Special Term.

Action by Philip Siegel against Max Kinstler. From an order granting defendant's motion to set aside the verdict in plaintiff's favor, plaintiff appeals. Affirmed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Samuel Kahan, of New York City (William B. Wilkes, of New York City, of counsel), for appellant.

Neuman & Newgass, of New York City (Frederick F. Neuman, of New York City, of counsel), for respondent.

GERARD, J. This action was brought by plaintiff, who is the father-in-law of the defendant, to recover from him $450, which plaintiff claimed he loaned defendant, and $300, which it was claimed plaintiff's wife had loaned to defendant. Plaintiff's wife assigned her claim to plaintiff. The defendant ceased to live with his wife some time after the alleged receipt of the above moneys.

The defendant claims that he never borrowed any money from his mother-in-law and father-in-law, but that about a week prior to his wedding his mother-in-law gave him $300 to buy furniture with. Of the money claimed to be loaned to the defendant by the mother-in-law, $100 was claimed by him to have been loaned to him to help him buy a piano. The jury found a verdict for the plaintiff for $650, evidently considering the $100 given to buy a piano to be a gift.

[1] There was a direct conflict of testimony between plaintiff and his wife on one hand and defendant on the other. Herman Kronenberg, a witness called for the plaintiff, swore that on one occasion the defendant told him that his father-in-law had loaned him $650 to start business with. This witness testified that he was not "friendly disposed" towards defendant.

The court below set aside the verdict. While the judge below would perhaps not have been justified in setting the verdict aside, if the witness Kronenberg had been entirely disinterested, I think that the court below did not abuse its discretion, had no other circumstance intervened, in setting aside the verdict, when there was a direct conflict of testimony between plaintiff and defendant, and when the only

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

witness not directly interested in the controversy testified that he was not "friendly disposed" towards one of the parties.

[2] The learned court below at the close of defendant's case said:

"I will allow one witness in rebuttal; the other witnesses are cumulative."

The witness Kronenberg was then called. At the conclusion of his testimony the following colloquy occurred:

"Plaintiff's Counsel: Your honor will not permit me to call another witness in rebuttal.

"The Court: On what points?

"Plaintiff's Counsel: To show that the money was given to him, and that he said he would repay it.

"Defendant's Counsel: I will concede that they will call 50 people who will swear that they saw him give the money.

"Plaintiff's Counsel: Then let that concession stand on the record."

Of course, if the court allows only one witness, stating that the other witnesses are cumulative, he cannot thereafter set aside a verdict in favor of the party against whom he so ruled upon the ground that the verdict is against the weight of evidence. Page v. Krekey, 137 N. Y. 307, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 731. In view of the colloquy above set forth, and of the concession acquiesced in by plaintiff's counsel, this rule does not apply to the case at bar; and in any event we think that the ends of justice, under the circumstances, will be best served if the issues are again submitted to a jury.

Order affirmed, with costs. All concur.